IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Venancio Garcia-Gamez,<br><br>    Defendant. | NO.   CR 14-01935-TUC-JGZ(BPV)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DETERMINE COMPETENCY** |

On October 27, 2014, Defendant Venancio Garcia-Gamez was arrested for illegally re-entering the United States. The Defendant was indicted [Doc. 5] on November 25, 2014. On December 9, 2014, Defendant filed a Motion to Determine Competency [Doc. 8], which was granted, and the Defendant was evaluated by Marisa Menchola, Ph.D., and found incompetent to stand trial in her report dated March 3, 2015 [Doc. 14]. A hearing was held on March 13, 2015, and the Court found that the Defendant was incompetent, but restorable, and on March 16, 2015, Ordered [Doc. 16] him transported to a medical facility for evaluation and restoration. The Defendant was transported to the Federal Medical Center in Butner, North Carolina, where he was treated and returned to this Court with a report and Certificate of Restoration of Competency to Stand Trial dated August 31, 2015 [Doc. 22]. At a Status Conference held on November 3, 2015, defense counsel stated that he did not agree with Butner's finding of competency and requested that the Defendant be re-evaluated by Dr. Menchola. Defendant filed a Second Motion to Determine Competency [Doc. 25], which was granted, and the Defendant was again evaluated by Marisa Menchola, Ph.D., and

1  found incompetent in her report dated December 4, 2015 [Doc. 28].

2  The matter came on for Evidentiary Hearing before the Court on February 17, 2016.
3  The Defendant was present. Gillespie Wadsworth, Psy.D., testified for the Government via
4  video conference from Butner Federal Medical Center. Defense counsel moved for
5  Summary Judgment, which was denied. Marisa Menchola, Ph.D., testified for the Defendant.

6  The Court, having considered the briefing, arguments, and evidence presented,
7  recommends that the District Judge, after her independent review and consideration, enter
8  an Order finding the Defendant not competent to proceed to trial and dismissing this case.

## **FACTS**

10  At the Evidentiary Hearing on the Defendant's Motion to Determine Competency
11  [Doc. 25], Gillespie Wadsworth, Psy.D., testified for the Government. In support of her
12  conclusions as set forth in her report of August 24, 2015, she also related:

13  1) The Defendant attended two of a possible eight weekly group educational
14      competency sessions. Attendance is not mandatory.
15  2) The Defendant is not malingering.
16  3) The Defendant demonstrates a careless (inconsistent) response style during his
17      interviews.
18  4) The Defendant has a rudimentary understanding of his current situation.

19  Dr. Menchola agrees with Dr. Wadsworth's observations, but disagrees with her
20  conclusions that the Defendant is competent to stand trial and/or plead guilty.

21  During the hearing, the Court observed the Defendant to be physically present, but
22  seemingly unaware of the hearing going on about him. Although he sat quietly during the
23  hearing, he engaged in a physical behavior that demonstrated his lack of awareness of the
24  proceedings. He was placing his hands on and off his face as if that were his role in the
25  hearing. At no time did he react in any way favorably or unfavorably to what was being said
26  about him.

27  Given the sentencing scheme faced by Defendants, a guilty plea is preferable to a trial
28  verdict of guilty. This much all persons, including the Defendant, know to be true. In this

respect, the Court could conclude the Defendant is competent. But the Court has come to a different conclusion in keeping with the ethics of modern psychiatry, as related by Dr. Menchola in response to the Court's all-time most inartful question (a style that has not improved in almost 42 years of practicing law):

> Dr. Menchola: I actually had to consult with a senior forensic psychologist in this case because of that issue. Because I thought he does understand what a guilty plea is, he understands that he would get sentenced faster, although he has made inconsistent statements about that. And after consultation the conclusion we reached is that it is not appropriate from a psychological point of view - a competency point of view - to say that someone's competently taking a guilty plea if they don't understand their options and what they're waiving.

When a person is looking at a felony prosecution, this Court agrees with Dr. Menchola. Which is to say that at times both as an advocate and Judge, I have looked the other way, (to hopefully not have to fight another day where the stakes will be higher), when the consequences are lesser.

## **CONCLUSION**

Since this is a felony prosecution, it is the recommendation of this Court that the District Judge, after her independent review and consideration, enter an Order finding the Defendant not competent to proceed to trial and dismissing this case.

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections and Responses to objections filed should be filed as CR 14-01935-TUC-JGZ. No Replies shall be filed unless leave is granted from the District Court.

DATED this 14th day of March, 2016.

_____
Bernardo P. Velasco
United States Magistrate Judge