# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Venancio Garcia-Gamez,<br><br>　　　　　　　Defendant. | No. CR-14-01935-001-TUC-JGZ<br><br>**ORDER** |

On March 14, 2016, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation ("R&R") in which he recommended that this Court find Defendant Venancio Garcia-Gamez not competent to proceed to trial and dismiss this case. (Doc. 36.) The government filed an Objection to the R&R on March 24, 2016 and Defendant filed a response to the Objection on April 4, 2016. (Docs. 39, 42.) For the reasons stated herein, the Court will adopt the R&R.

## STANDARD OF REVIEW

The Court reviews *de novo* the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the R&R. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998). If the Court rejects the credibility findings of the magistrate judge, a *de novo* hearing is required. *United States v. Ridgway*, 300 F.3d 1153, 1157 (9th Cir. 2002).

//

**FACTUAL BACKGROUND**

The factual background contained in Magistrate Velasco's R&R (Doc. 36) is adopted by reference herein. To the extent the government's Objection alleges erroneous factual findings by the Magistrate Judge, those objections are addressed below.

**ANALYSIS**

The Magistrate Judge concluded that Defendant is not competent to stand trial based on his review of three competency evaluations, an evidentiary hearing and his observation of Defendant's demeanor at the hearing. The Magistrate Judge concluded that, although Defendant might understand that a guilty plea is preferable to a guilty verdict at trial, he is not competent to stand trial. The government objects to the Magistrate's findings, arguing that the finding that Defendant would be competent to enter a guilty plea cannot be parsed from the ultimate question of competency and, in fact, supports the conclusion that Defendant is competent to stand trial. According to the government, the evaluations demonstrate that Defendant can engage in reasoned decision-making regarding his defense, has made a rational decision to avoid trial, and is therefore competent. The Court agrees with the Magistrate Judge's conclusion that Defendant is not competent to stand trial.

In considering whether a defendant is competent to stand trial, the Court must decide whether, based on a preponderance of the evidence, the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C.A. § 4241(d). Here, the evidence presented to the Magistrate Judge demonstrates that Defendant does not understand the nature and consequences of the proceedings against him. Gillespie Wadsworth, Psy. D., the forensic psychologist at FMC-Butner, opined that Defendant had been restored to competency and that Defendant demonstrated a factual knowledge about his case and pending legal charges. According to Dr. Wadsworth, Defendant possesses a rational understanding of the proceedings against him and appreciates his situation in

1  reference to those proceedings. However, during repeated interviews regarding
2  Defendant's knowledge of relevant court proceedings, Defendant indicated he was being
3  charged with a misdemeanor for being in the country illegally and would serve 2 years in
4  Arizona if convicted. He did not understand the role of the jury and repeatedly indicated
5  he just wanted to go back to Mexico. In his court-ordered evaluation by clinical
6  psychologist Marisa Menchola, Ph.D., Defendant again stated that he believed his
7  charged offense to be minor, with a possible sentence of 2 years. He was not able to
8  accurately explain a guilty plea, or the consequences of pleading guilty. Defendant
9  described a not-guilty plea as "they were not conscious of the moment when things
10 happened … they have no precision, it was a mistake not knowing that it was a mistake
11 … I have rights, that I should have the right to be absolved." At the competency hearing,
12 Dr. Wadsworth testified that Defendant did not demonstrate an understanding of his trial
13 rights and could not describe in his own words the consequences of a not-guilty plea.
14 (TR 2/17/16, pgs. 17-18.) Dr. Menchola testified that Defendant believed his defense
15 counsel would determine his sentence if he pled guilty, that Defendant was not able to
16 articulate the rights he would give up if he took a plea, and that Defendant did not
17 understand what happens at a trial. (*Id*., pg. 31.)

18       The Court agrees with the Magistrate Judge that the evidence suggesting
19 Defendant may understand the consequences of a guilty plea does not compel the
20 conclusion that Defendant understands the nature and consequences of the proceedings
21 against him. First, that evidence is inconsistent: although Defendant was able to describe
22 a guilty plea to Dr. Menchola as an admission of guilt followed by sentencing, he also
23 incorrectly stated that he could plead "innocent," that his sentence would be determined
24 in relation to other defendants' sentences, and that he could be sentenced to "freedom."
25 (Doc. 28, pg. 3.) Defendant also reported to Dr. Menchola that both a plea deal and a
26 trial could result in "less time." (*Id*.) Second, 18 U.S.C.A. § 4241(d) requires a finding
27 that Defendant understand the consequences of the proceedings against him. Defendant
28 must be competent as to all phases of his proceedings, not just the option to plead guilty.

*See Godinez v. Moran*, 509 U.S. 389, 398 (1993) (the competency standard for pleading guilty or waiving the right to counsel is the same as the competency standard for standing trial). A guilty plea is only one possible outcome of Defendant's proceedings. While Defendant has demonstrated a limited understanding that he could be sentenced faster if he pled guilty (TR 2/17/16, pg. 47), he does not appear to understand a myriad of other consequences at stake in these proceedings: he is not aware of the rights he gives up if he takes a guilty plea, he does not understand the role of the jury, he does not understand that a judge would sentence him, and he does not understand the length of sentence he could serve.

In addition, substantial evidence in the record indicates that Defendant is not able to assist in his defense. According to Dr. Wadsworth, Defendant can maintain proper courtroom behavior and can assist his attorney in a reasonable and rational manner. However, Dr. Wadsworth's report repeatedly refers to Defendant's inability or refusal to participate in facility activities, interviews, tests or weekly competency restoration group sessions. During repeated interviews regarding Defendant's knowledge of relevant court proceedings, Defendant did not appear engaged and was often observed closing his eyes, yawning or looking at activity on the unit. He was disinterested in plea options and did not understand his role in the proceedings. He did not know his attorney's last name and did not know how he could help his attorney. Dr. Menchola's evaluation indicates that Defendant's responses to her questions were typically one-word answers, answers that did not make sense, or responses that were irrelevant. Defendant could not remember his attorney's name during his evaluation with Dr. Menchola, and described his attorney as someone who would "work for him" and "see how soon I can get out." At the February 17, 2016 competency hearing, the Magistrate Judge observed that Defendant was "seemingly unaware of the hearing going on about him. Although he sat quietly during the hearing, he engaged in a physical behavior that demonstrated his lack of awareness of the proceedings. He was placing his hands on and off his face as if that were his role in the hearing. At no time did he react in any way favorably or unfavorably to what was

being said about him." (Doc. 36, pg. 2.)

**CONCLUSION**

After an independent review of the pleadings, exhibits and transcript,

IT IS HEREBY ORDERED that:

1. The Report and Recommendation (Doc. 36) is ACCEPTED and ADOPTED;
2. The Court finds the Defendant is not competent to stand trial;
3. The matter is set for Status Conference on May 3, 2016 at 10:00 a.m. in Courtroom 5B, 405 West Congress, Tucson, Arizona before Judge Jennifer G. Zipps.

Dated this 29th day of April, 2016.

_____
Jennifer G. Zipps
United States District Judge